322 So.2d 7 (1975)
DEPARTMENT OF REVENUE of the State of Florida, Appellant,
v.
LEADERSHIP HOUSING, INC., and Leadership Communities, Inc., Appellees.
No. 47440.
Supreme Court of Florida.
October 22, 1975.
On Reconsideration November 24, 1975.
*8 Robert L. Shevin, Atty. Gen., and Sydney H. McKenzie, III, Asst. Atty. Gen., for appellant.
Richard H. Hunt, Jr., Samuel C. Ullman, and Smathers & Thompson, Miami, for appellees.

ORDER
ENGLAND, Justice.
On July 29, 1975, appellees' counsel filed a suggestion for my disqualification in this proceeding. The bases for the suggestion are that, as special tax counsel to the Florida House of Representatives, I "rendered and published [my] opinion on the precise question of substantive constitutional law which is in issue on this appeal, and supervised the drafting of corporate income tax statutory provisions consistent with said opinion, the constitutionality of which provisions are in issue herein."
These grounds for my disqualification are identical with those suggested by appellee's counsel in Department of Revenue v. Golder, Case No. 47,057, Fla., 322 So.2d 1. Both proceedings involve constitutional questions which will receive consideration by the entire Court. Fla.App. Rule 3.10(g).
On October 15, 1975, I entered an Order declining to disqualify myself in that proceeding. A copy of that Order is attached. For the reasons I set out in Golder, I decline to step aside in this proceeding.

ON RECONSIDERATION
For the reasons expressed in my opinion on reconsideration issued today in Department of Revenue v. Golder, Case No. 47,057, Fla., 322 So.2d 1. I disqualify myself in this case.

ON RECONSIDERATION
PER CURIAM.
On November 3, 1975 counsel for appellees filed a Motion to Reconsider addressed to an opinion-order in this proceeding dated October 22, in which Justice England declined to disqualify himself from participation. The twenty page motion contains, in the style of a brief, separate sections entitled Statement of Facts, Points Discussed, Argument: Point I, Argument: Point II, Argument: Point III, and Conclusion. It contains numerous citations of authority. The motion requests that Justice England reconsider his disqualification decision, and that the question also be considered by the full Court. While it has become unnecessary for us to comment on Justice England's disqualification in light of his personal decision in favor of disqualification, we deem it essential to comment on the procedural aspects of this issue in order to avoid for the future the type of problem which arose in this case.
Under the rules and precedents of this Court, the form of appellees' motion ordinarily would be considered improper. In practical effect, it challenges Justice England as to the correctness of his conclusions on the matters considered and passed upon in his order. This is not appropriate in a motion for reconsideration or for rehearing. The rule as to such requests was clearly and forcefully expressed in Texas Co. v. Davidson, 76 Fla. 475, 80 *9 So. 558 (1919), where the Court, on application for rehearing, said at 80 So. at 559:
"We think it proper here to call the attention of the profession to the rules governing applications for rehearings.
The proper function of a petition for rehearing is to present to the court in clear concise terms some point that it overlooked or failed to consider; only this and nothing more. [citations] Upon an application for rehearing of a cause decided by this court, it is irregular, and an infraction of the rule, to accompany the petition with a written argument and citation of authorities. [citations]
An application for rehearing that is practically a joinder of issue with the court as to the correctness of its conclusions upon points involved in its decision that were expressly considered and passed upon, and that reargues the cause in advance of a permit from the court for such reargument, is a flagrant violation of the rule, and such an application will not be considered. [citations]
The petition for rehearing in the present case infracts the rule in all of the above particulars, and the profession is hereby put upon notice that in future the court will adhere strictly to the requirements of the rule in such cases, and will visit infractions thereof by a refusal to consider such applications and with a dismissal thereof."
The mandate of Texas Co. v. Davidson is now contained in Florida Appellate Rule 3.14(b), which states that any petition to rehear a decision or order of the Court shall be presented "without argument".
The order of Justice England on the subject of disqualification comes within an area of the law historically considered to be personal and discretionary with individual members of the judiciary, including those who sit on collegial courts. For purposes of the rules governing reconsideration, such a decisional document has the same dignity as a decision or order of the full Court in the areas of law within its collegial, appellate jurisdiction. For obvious reasons, the Court cannot allow counsel to debate the law with a member of the judiciary after he has entered an order on disqualification. To permit such an adversary atmosphere between a litigant and the judge who must then again decide his or her own disqualification would seriously erode public confidence in either the impartiality (if disqualification were rejected) or the independence (if disqualification were accepted) of the judiciary. Arguments on the law of disqualification, just as legal arguments on other issues, must be made between the parties before a judicial decision is rendered; not between one litigant and a tribunal which has already ruled.
In this case, appellees had no reason to anticipate the application of these principles. There has been in Florida no prescribed format for non-statutory disqualification requests, or for related legal arguments. Appellees had no notice that a brief or memorandum of law on disqualification would only be considered if it were submitted prior to Justice England's decisional order. We do not, therefore, in any way suggest that appellees here acted improperly.
In future situations of this type, the Court will require legal arguments on disqualification to be made in advance of the judge's disqualification decision, and no post-decision argument will be entertained. Moreover, a suitable opportunity to brief the question will be afforded both parties of the proceeding prior to rendition of the judge's decision if either party requests or exercises that privilege.
ADKINS, C.J., and ROBERTS, BOYD, OVERTON, ENGLAND, SUNDBERG and HATCHETT, JJ., concur.