## THOMAS v. THOMAS.

No. 75-2308-CA(D)-03-G.

Circuit Court, Palm Beach County.

January 13, 1976.

Earl L. Maxwell, Jr., West Palm Beach, for the plaintiff husband.

Harry Lee Anstead, West Palm Beach, for the defendant wife.

LEWIS KAPNER, Circuit Judge.

The wife has prepared a suggestion of disqualification requesting that this cause be transferred to another division of the circuit court. As grounds, the wife has not alleged bias on the part of the court, but improper conduct on the part of an interested person (Maria Bruno Thomas) which, in petitioner's opinion, creates an appearance of unfairness in the court proceedings. Specifically, she alleges that the present Mrs. Thomas is conveying the impression that she has special influence with the court.

Chapter 38, Florida Statutes, provides for three methods by which a judge may be disqualified from a case — (1) §38.02: Filing a suggestion of disqualification citing certain specific grounds therefor; (2) §38.10: Filing affidavits by a party that he or she fears that he or she will not receive a fair trial because of prejudice of the judge; and (3) a judge may of his own motion disqualify himself if he knows that any of the grounds for disqualification under §38.02 exists. Fourthly, since a judge can recuse himself whenever he feels he ought not to hear the case because he may be prejudiced or because there may be an appearance of prejudice, or for some other personal reasons, as a matter of practice, counsel frequently bring facts to a judge's attention via a letter or other communication giving the judge the opportunity to recuse himself on his own motion for those personal non-statutory reasons.

In this particular case, the suggestion of disqualification contains no grounds under §38.02. Affidavits alleging fear of prejudice have not been filed and, in fact, counsel for petitioner has stated that he is not alleging that this judge is subject to any special influence by the present Mrs. Thomas or that this judge and the present Mrs. Thomas are close friends, but simply that she (the present Mrs. Thomas) is attempting to convey that impression. I am unable to disqualify myself under §38.02 since I am not aware of any grounds under that section. However, I see no reason to confine this matter to the technical procedural limitations set forth in Chapter 38 since a judge is free to recuse himself if he feels that he may be biased in any way or if there is an appearance of bias. Thus, I am treating petitioner's suggestion of disqulification as a request that I disqualify myself because the alleged statements of Maria Bruno Thomas allegedly create an appearance of unfairness.

The problem here is further exasperated by the fact that, in Florida, no format exists for non-statutory disqualification requests. *Department of Revenue v. Leadership Housing, Inc., (Sup. Ct. 1975) 322 So. 2d 7, 9.* The practice generally, under Chapter 38, or under other suggestions of recusal, contemplate that the judge being challenged determine the issue himself, (see, for example, *Department of Revenue v. Golder, (Sup. Ct. 1975) 322 So. 2d 1),* but such practices, in my opinion, "seriously erode public confidence in either the inpartiality (if disqualification were rejected) or the independence (if disqualification were accepted) of the judiciary." *Department of Revenue v. Leadership Housing Inc.,* supra, 9. Therefore, I believe the better practice is to permit someone other than the challenged judge to decide the issue. Under such circumstances, our local rules contemplate a transfer of this issue to the judge's alternate, the Honorable Robert Hewitt.

As Justice England recently commented in *Department of Revenue v. Golder,* supra —

> "I believe it essential that judges contemplate the appearance of partiality at every turn. The acceptance of court-made justice delivered by imperfect humans relies heavily for its existence on the respect of the citizenry for those who dispense it. In order for the courts to remain as a civilized alternative to less acceptable means of resolving disputes, the public in general, and the parties and their counsel in particular, must be reassured regularly that causes brought to the judiciary are decieded on the law alone."

On the other hand, I would also cite Justice England's comments in that same case that —

> "In assessing the reasonableness of a challenge to his impartiality, each judge must be alert to avoid the possibility that those who would question his impartiality are in fact seeking to avoid the consequence of his expected adverse decision. Disqualification for lack of impartiality must have a reasonable basis . . . Litigants ought not to have to face a judge where there is a reasonable question of impartiality, but they are not entitled to a judge of their own choice."

It was for these reasons that this court scheduled an informal conference with counsel which, in the court's opinion, has been helpful in better clarifying the concerns of the petitioner and the issues which should be determined by the court on her petition.

It is thereupon ordered as follows —

1. All matters relating to the "suggestion of disqualification," here considered as a suggestion for recusal, are transferred to Division H (the Honorable Robert Hewitt). The issues raised by this suggestion are —

> 1. Did Maria Bruno Thomas say to Vernon Thomas, on or about November 21, 1975, outside this court's chambers, words to the effect that he (Vernon Thomas) need not worry about the outcome of the pending matter because "she and Judge Lewis Kapner were very close friends or fantastic friends."; and, if so,
>
> 2. Whether such action on her part raises a cloud of impartiality or impropriety such as to justify this case being transferred to another division of the circuit court.

2. It is suggested that counsel meet with Judge Hewitt prior to the hearing before him to discuss the issues, time element and other pertinent matters concerning the hearing to be held before him.

3. The final hearing concerning child custody, property rights and other related matters, now scheduled for February 9, 1976, is continued and rescheduled for April 5, 1976. A pretrial conference shall be held in accordance with the order separately entered in this case.

4. The hearing now scheduled on February 9, 1976 shall remain but the purpose of that hearing shall be to consider the contempt allegations filed by the former wife. A pretrial conference shall be held in accordance with an order separately entered in this case.

5. The suggestion of disqualification is not taken by this court to be any pleading requesting that this court take any action with respect to the alleged statements by Maria Bruno Thomas. In fact, if this judge is disqualified from any further proceedings, there is serious doubt as to what authority this court would have to prohibit any such statements. However, if this judge is satisfied that a party is conveying the impression that he or she has undue influence with this judge, then this judge would take whatever action is appropriate in accordance with Canon 9 of the Code of Judicial Conduct — "A judge should not 'permit others to convey the impression that they are in a special position to influence him'." Accordingly, the court invites counsel for the wife, or as an officer of the court, to file proper pleadings alleging such misconduct and requesting this court to take appropriate action in accordance with the said canon.

6. At any time, prior to the final hearing in this case, either party, assuming he or she exercises reasonable diligence, may file a suggestion of disqualification (FS§38.02), affidavits of fear of prejudice (§38.10), or a suggestion of recusal. If such pleadings are filed the issues are to be heard by a judge or special master or judge ad litem other than this judge *prior to* the final hearing. Any such suggestions not so made shall be considered waived. If matters arise close to or at the time of the final hearing, a special motion shall be made so that the final hearing can be continued or suspended until a hearing may be had under the procedures outlined above. In other words, issues suggesting that this matter not be heard by this judge should be decided *prior to* and not *during* the final hearing.

The transfer of this matter to Division H of the circuit court is for the limited reasons stated above. Jurisdiction of this case shall be retained in this division for all other matters relative to this case.