416 So.2d 1180 (1982)
Ignatizo GIULIANO, Petitioner,
v.
Louie WAINWRIGHT, Director, Division of Corrections, Respondent.
No. 81-2288.
District Court of Appeal of Florida, Fourth District.
June 23, 1982.
Rehearing Denied August 4, 1982.
Channing E. Brackey, Howard L. Finkelstein, and Ronald K. Dallas of Brackey, Finkelstein & Dallas, P.A., Fort Lauderdale, for petitioner.
Jim Smith, Atty. Gen., Tallahassee, and Andrea T. Mohel, Asst. Atty. Gen., West Palm Beach, for respondent.
ANSTEAD, Judge.
This matter is before us on a petition for writ of habeas corpus which we have concluded should be denied. In many instances we do not write opinions upon the denial of such petitions. However, in view of the sensitivity of the issue presented we believe our disposition of this petition warrants a written opinion.
On March 14, 1977, petitioner Ignatizo Giuliano was charged with possession of cannabis in Broward County, Florida. On April 27, 1979, petitioner was convicted of this charge and sentenced to five years imprisonment to run consecutively to a sentence previously imposed. On July 23, 1980, this conviction was affirmed by this court by a panel consisting of Judges Moore, Beranek, and Hurley. Guiliano v. State, 386 So.2d 1329 (Fla. 4th DCA 1980), Case No. 79-1507, rehearing denied September 4, 1980.
On August 30, 1977, petitioner was charged with delivery of cannabis and delivery of cocaine in Broward County. On May 10, 1979, petitioner was convicted of these charges and was sentenced to fifteen years of imprisonment to run concurrently with those sentences previously imposed. On June 11, 1980, this conviction was affirmed by this court by a panel consisting of Chief Judge Letts and Judges Moore and Glickstein. Guiliano v. State, 384 So.2d 1386 *1181 (Fla. 4th DCA 1980), Case No. 79-1326, rehearing denied July 23, 1980.
On December 9, 1981, petitioner filed the petition for writ of habeas corpus at issue here, seeking an evidentiary hearing and, alternatively, dismissal of the charges, reinstatement of the appeal, or mitigation of the sentence entered in Case No. 79-1326. Petitioner alleged that his conviction in Case No. 79-1326 was infirm because Judge Glickstein, who sat as a member of this court in that case, had, while in private practice, represented a prosecution witness, Thomas Dubocq, during the trial of Case No. 79-1507. Mr. Dubocq, a reporter for the Hollywood Sun Tattler to whom petitioner had purportedly made incriminating statements, was compelled to testify during the trial after initially claiming a reporter's privilege under the First Amendment of the United States Constitution.
For several reasons, we do not believe these facts now entitle the petitioner to have the affirmance of his conviction in Case No. 79-1326 set aside. First, in Case No. 79-1507 petitioner did not testify in his own behalf; consequently, he had no direct contact with Judge Glickstein and his characterization of their relationship in that case as "adversarial" is simply not justified. Second, although petitioner had notice no later than June 11, 1980, that Judge Glickstein had actually participated in the unanimous per curiam affirmance of his conviction in Case No. 79-1326, such participation was not challenged in petitioner's motion for rehearing. Petitioner's bare boned allegation that he recently became aware of Judge Glickstein's participation is simply insufficient to justify the delay of more than eighteen months in bringing this matter to this court's attention. Third, even if an appropriate motion for recusal had been made, in Florida the disqualification of an appellate judge is a matter which rests largely within the sound discretion of the individual involved. Compare the opinions of Justice England in Dept. of Revenue v. Golder, 322 So.2d 1 (Fla. 1975) and Dept. of Revenue v. Leadership Housing, Inc., 322 So.2d 7 (Fla. 1975), ultimately disqualifying himself, with the opinion of Justice Overton, In Re Estate of Carlton, 378 So.2d 1212 (Fla. 1979), request for recusal denied 1980, rehearing denied 1980, cert. denied Hayes v. Rogers, 447 U.S. 922, 100 S.Ct. 3013, 65 L.Ed.2d 1114 (1980), refusing to disqualify himself. See also Justice Rehnquist's opinion refusing to disqualify himself in Laird v. Tatum, 409 U.S. 824, 93 S.Ct. 7, 34 L.Ed.2d 50 (1972). Fourth, petitioner has lodged no charge of actual bias against Judge Glickstein, and although he correctly points out that the issue of judicial disqualification is properly framed in terms of the appearance of impropriety rather than in terms of the actuality of bias, in our view the connection between Judge Glickstein's appearance in Case No. 79-1507 and his position as a member of this court in Case No. 79-1326 is simply too attenuated to mandate the voiding of the latter appellate decision. In essence Judge Glickstein's efforts on behalf of the newspaper reporter-witness were neutral insofar as the state and petitioner were concerned. In fact, if these efforts had been completely successful the witness would not have testified at all, a result that would have coincidentally benefited the petitioner.
For these reasons, we deny the petition for writ of habeas corpus.
HURLEY and DELL, JJ., concur.

OPINION ON REHEARING
ANSTEAD, Judge.
The petitioner has correctly pointed out in his petition for rehearing that we erroneously noted in our opinion of June 23, 1982 that petitioner did not testify in Case No. 79-1507. In fact, the petitioner did testify in Case No. 79-1507. It is true that petitioner had no direct contact with Judge Glickstein in that case. Moreover, it remains our view that the petitioner has not established that a sufficient adversarial relationship was established between petitioner and Judge Glickstein during the trial of Case No. 79-1507 to mandate the setting aside of the appellate disposition in Case *1182 No. 79-1326, the trial proceedings of which neither Judge Glickstein nor his client, Mr. Dubocq, were in any way involved. Having corrected our opinion, we adhere to our previous decision to deny the petition for writ of habeas corpus and otherwise deny the petition for rehearing.
HURLEY and DELL, JJ., concur.