450 So.2d 200 (1984)
Eligaah Ardalle JACOBS, Petitioner,
v.
Louie L. WAINWRIGHT, Secretary, Department of Corrections, State of Florida, Respondent.
No. 62595.
Supreme Court of Florida.
February 23, 1984.
Rehearing Denied June 14, 1984.
*201 Patrick D. Doherty of Gross & Doherty, Clearwater, and Robert E. Gerber and Mary Gilmore of Fried, Frank, Harris, Shriver & Jacobson, New York City, for petitioner.
Jim Smith, Atty. Gen. and John W. Tiedemann, Asst. Atty. Gen., Tallahassee, for respondent.
ADKINS, Justice.
We have before us a petition for a writ of habeas corpus. The petitioner is now imprisoned under sentence of death pursuant to judgment and sentence affirmed by this Court in Jacobs v. State, 396 So.2d 1113 (Fla.), cert. denied, 454 U.S. 933, 102 S.Ct. 430, 70 L.Ed.2d 239 (1981). We have jurisdiction. Art. V, § 3(b)(9), Fla. Const.
The petitioner, Jacobs, alleges that he was subject to ineffective assistance of appellate counsel. He bases this allegation on claims of eleven perceived failings of his counsel. We will assess Jacobs' claims according to the principles of Knight v. State, 394 So.2d 997 (Fla. 1981). In Knight, we adopted the four step process which is encompassed in United States v. DeCoster (DeCoster III), 624 F.2d 196 (D.C. Cir.1979) (en banc). Since Knight, those elements must be present in order to demonstrate ineffectiveness of counsel.
We will not involve ourselves in an examination of the performance of Jacobs' trial counsel. Whether trial counsel's omissions were strategic or negligent can only be determined by the trial court pursuant to a motion for post-conviction relief, Fla.R.Crim.P. 3.850, subject, of course, to appellate review.
Jacobs first alleges that his appellate counsel erred in failing to argue that the trial court's exclusion or nonstatutory mitigating factors at sentencing was error. There was no proffer of the attempted testimony after the trial judge excluded it. The purpose of a proffer is to put into the record testimony which is excluded from the jury so that an appellate court can consider the admissibility of the excluded testimony. Reversible error cannot be predicated on conjecture. Sullivan v. State, 303 So.2d 632 (Fla. 1974), cert. denied, 428 U.S. 911, 96 S.Ct. 3226, 49 L.Ed.2d 1220 (1976); See Singer v. State, 109 So.2d 7 (Fla. 1959). Jacobs' appellate counsel failed to raise an issue which he was procedurally precluded from raising and cannot be considered incompetent for doing so.
Jacobs next alleges that appellate counsel erred in failing to move for a resentencing upon rehearing, on the authority of Elledge v. State, 346 So.2d 998 (Fla. 1977), after this Court had found an improper doubling of aggravating circumstances in the sentencing phase. We addressed this issue in Jacobs' direct appeal, 396 So.2d at 1119, and decided that Elledge did not apply in this instance. Remand for resentencing is not necessary every time an aggravating factor is stricken. Armstrong v. State, 429 So.2d 287 (Fla. 1983). A motion for rehearing shall not reargue the merits of the Court's order. See Fla.R.App.P. 9.330(a). Appellate counsel's failure to make this argument is not a serious deficiency *202 measurably below that of competent counsel. It is no deficiency at all.
The next claim is that Jacobs' appellate counsel failed to argue a violation of the Federal Constitution arising from denial of speedy trial. Appellate counsel did argue this issue based on the Florida Constitution and we resolved it finding no violation. 396 So.2d at 1116. Counsel's failure to make the argument based on the Federal Constitution as well does not establish incompetence. Constitutional guarantees to a fair trial and competent attorney do not insure that defense counsel will raise every conceivable constitutional claim. Engle v. Isaac, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982); Francois v. State, 423 So.2d 357 (Fla. 1982).
Jacobs also contends that the admission, in the sentencing proceeding, of trial testimony to the effect that Jacobs' three accomplices were afraid of him constituted introduction of a nonstatutory aggravating factor. He contends that his appellate counsel erred in not raising this issue on appeal. We find this contention to be without merit in as much as section 921.141(1) provides for liberal admissibility of relevant evidence at the sentencing phase. Additionally, the trial judge mentioned only the statutory aggravating circumstances in instructing the jury.
Jacobs' next seven errors complained of are as follows: 1) failure to argue error of failure to charge jury of need to prove aggravating circumstances beyond a reasonable doubt; 2) failure to argue improper jury charge as to party with burden of proof; 3) failure to instruct jury on nonstatutory mitigating factors; 4) failure to argue that the jury charge gave jury improper discretion (trial judge read the statutory aggravating and mitigating circumstances to the jury verbatim); 5) failure to argue lack of proper consideration of applicable statutory mitigating factors; 6) failure to argue that death sentence based on killing by co-participant was unconstitutional and improper under Florida law; and 7) failure to argue the cumulative effect of the errors in the sentencing phase. We find these allegations to be without merit. Each fails to either: 1) demonstrate any error on the part of appellate counsel; 2) demonstrate a serious deficiency, measurably below the standard expected of competent counsel; or 3) demonstrate a substantial error likely to have affected the outcome of the appeal. See Armstrong v. State; Straight v. Wainwright, 422 So.2d 827 (Fla. 1982); Francois v. State; Knight v. State; Songer v. State, 965 So.2d 696 (Fla. 1978), cert. denied, 441 U.S. 956, 99 S.Ct. 2185, 60 L.Ed.2d 1060 (1979).
We hold that the petitioner is not entitled to relief and deny the petition for writ of habeas corpus.
It is so ordered.
ALDERMAN, C.J., and BOYD, EHRLICH and SHAW, JJ., concur.
McDONALD, J., concurs in part and dissents in part with an opinion, in which OVERTON, J., concurs.
McDONALD, Justice, concurring in part, dissenting in part.
I conclude that appellate counsel was ineffective when he failed to raise the issue of error in the trial judge's exclusion of nonstatutory mitigating evidence at the sentencing proceeding. The right to submit nonstatutory mitigating evidence is afforded to all persons facing a sentence of death. Lockett v. Ohio, 438 U.S. 586, 98 S.Ct. 2954, 57 L.Ed.2d 973 (1978). The majority opinion recognizes this right but holds that appellate counsel could not argue this point because there had been no proffer.
A general question of mitigating circumstances asked of the defendant was disallowed. The trial judge then made it unmistakably clear that only evidence of statutory mitigating circumstances would be allowed. Because the nature of the excluded evidence was apparent, a proffer of the nonstatutory mitigating circumstances should not be required to raise this issue on appeal. Because of this error I would *203 grant relief and require a new sentencing hearing.
On all other issues I concur with the opinion.
OVERTON, J., concurs.