GLICKSTEIN, Judge.
This is, on the surface, an appeal of the trial court’s denial of a motion for post-conviction relief, entered under Florida Rule of Criminal Procedure 3.850. However, the posture is complicated by the fact the rule 3.850 motion is based in part on the claim appellant recently asserted that one of the original panelists who reviewed his conviction and per curiam affirmed it should not have been on the panel. The judge has recused himself from service on the present panel, in order to avoid even an appearance of impropriety, and has said by letter to counsel that he was not, at the time of the appeal, aware of the previous matter involving appellant.
Because of this peculiar circumstance, we have asked the parties to suggest a proper course. The state says the proper vehicle would be for appellant to present *71 his allegations in the form of a petition for writ of habeas corpus, urging that such petition should be denied because appellant reasonably should have become aware of the judge’s participation in review of his conviction long before thirty months had elapsed. The state also argues that appellant makes a bare bones allegation that the judge’s participation on the original appellate review panel had a prejudicial impact, but has not substantiated it, and cannot.
Appellant urges that this court treat this motion as a petition for writ of habeas corpus if the court thinks that is the proper vehicle for review of the issue he raises. The parties disagree on the effect of Giuliano v. Wainwright, 416 So.2d 1180 (Fla. 4th DCA 1982). The state thinks Giuliano stands for a principle akin to the doctrine of laches that makes the grievance based on the judge’s purported prejudice untimely. Appellant contends Giuliano is distinguishable by its facts and urges reinstatement of his appeal.
As for appellant’s other stated basis for his motion for post-conviction relief, namely, the prosecutor’s alleged prejudicial conduct at trial, we conclude the trial court correctly denied this ground because it was one able to be discovered from the transcript at the time of the original appeal. Issues that can and should be raised by timely appeal are not supposed to be raised by motion for post-conviction relief. More specifically, a motion other than to vacate a sentence in excess of legal limits may not be filed more than two years after judgment and sentence become final, if the facts could by due diligence have been ascertained sooner. Fla.R.Crim.P. 3.850. The present motion was filed in the circuit court in December, 1985. This court’s mandate on the original appeal is dated November 9, 1983.
We have taken a close look at Giuliano to see if it gives this court guidance whether to grant or deny habeas corpus. In Giuliano the petitioner sought habeas corpus in a second drug conviction on the ground that one of the appellate panelists had at an earlier time represented, as attorney, during Giuliano’s conviction in a different criminal case, a person who unsuccessfully sought under a claimed reporter’s privilege to avoid testifying for the prosecution regarding Giuliano’s purportedly self-incriminating statements. This court denied the petition for writ of habeas corpus, explaining, in part, that the former attorney turned appellate judge had not been in an adversary position vis-a-vis Giu-liano, and that Giuliano had had no direct contact with the judge/attorney. This court noted also that Giuliano had failed to point out the alleged prejudice when he moved for rehearing of the appeal, and that his having recently learned of the particular jurist’s participation did not explain a delay of more than eighteen months in bringing up the purported issue. This court said, citing authorities, that recusal is a matter that rests largely in the sound discretion of the appellate judge involved, and, noting the connection between the particular judge’s former role in the petitioner’s earlier conviction and his position as a member of this court in the appeal of a different conviction, concluded such was too attenuated to mandate voiding the appellate decision in the latter case. While agreeing that it was proper to frame the issue in terms of appearance of impropriety, as Giuliano had done, this court observed that Giuliano had not lodged a charge of actual bias.
Although Giuliano is not on all fours with the instant case, we think it is instructive. Here, too, it is implausible that appellant/defendant first learned the identity, two years after the mandate was issued, of the judges on the panel which reviewed his conviction. Moreover, assuming the truth of the factual allegation, it seems remote that sixteen years later the judge’s opinion was influenced by that incident, even had he remembered it. Thus, as in Giuliano, we have an attenuated relationship between the significant events. We do not know whether appellant and the judge had any direct contact at that former time; but it does ¡not seem likely, or, one supposes, there would have been some *72 flesh to that effect put on the bare bones allegation.
We do not think the judge’s recent recu-sal should affect the result. There were two other judges on the panel that unanimously affirmed Boyer’s conviction. There is no reason to suppose the judge unduly influenced them.
In sum we hold that the judge’s presence on the panel that reviewed appellant’s conviction could not so flagrantly have affected appellant’s due process rights as to void the appellate proceedings. We treat appellant’s appeal of the denial of his motion for post-conviction relief — insofar as it pertains to the judge’s having been on the appellate panel — as a petition for writ of habeas corpus, and deny same.
As to the appeal on the issue of prejudicial conduct of the prosecutor, we affirm the denial, as it is implausible that it took more than two years to discover the prosecutor’s actions when a complete record was available in 1983, the time the conviction was appealed. This is what the trial court indicated; and we view that to be correct.
HERSEY, C.J., and LETTS, J., concur.