MONACO, J.
William Gonzalez appeals an order of the trial court transferring this post-dissolution action from the courts of Florida to those of the Commonwealth of Puerto Rico. We have jurisdiction pursuant to Rule 9.130(a)(3)(A), Florida Rules of Appellate Procedure. See Dep’t of Mgmt. Servs. v. Fastrac Constr., Inc., 701 So.2d 1200 (Fla. 5th DCA 1997). Because the trial court abused its discretion in transferring this case, and because of the manifest injustice resulting, we reverse.
The marriage between Mr. Gonzalez and the appellee, Denise Ayala, was dissolved by a judgment entered in the Circuit Court of Orange County in March of 2000. In February 2003, Mr. Gonzalez agreed with Ms. Ayala in writing to allow Ms. Ayala to relocate with their son, Billy, to Puerto Rico, provided that Mr. Gonzalez would have frequent visitation and that he would not be responsible for any child support, given the high costs of travel for visitation. The Circuit Court of Orange County entered an order adopting the agreement of the parties to that effect.
Within six months Ms. Ayala attempted to get child support and to establish jurisdiction in Puerto Rico by filing a document in the courts of Puerto Rico entitled Emergency Motion to Request Child Support and Establishment of Father and Child Relationship. Mr. Gonzalez, in response, sought and received an order from the Florida court declaring that it had continuous jurisdiction over the dissolution and visitation and other issues concerning Billy. Ms. Ayala then filed a motion for rehearing and a motion to vacate the trial court’s order on jurisdiction, the latter of which the trial court granted. Upon rehearing, however, the trial court once again granted the motion of Mr. Gonzalez and declared its continuing jurisdiction.
During the pendency of the jurisdictional matter, Mr. Gonzalez also filed a petition to modify the dissolution agreement in which he asserted that circumstances had *29 changed since the court entered final judgment dissolving the marriage. Mr. Gonzalez alleged that Ms. Ayala had failed to send Billy for visitation with his father on two occasions; did not participate in court ordered monthly parenting meetings; would not provide Mr. Gonzalez with information regarding Billy’s school or school schedule, or medical or dental information, and other important information incident to parenting. He alleged, as well, that she had refused to allow Mr. Gonzalez to visit with Billy over the telephone, and had failed to keep an answering machine or voicemail system available or to communicate with Mr. Gonzalez regarding travel and visitation, as she had earlier agreed. Mr. Gonzalez then requested that the trial court award primary parental or residential custody of Billy to him.
After a hearing in which both parties presented witness testimony and arguments of counsel, the trial court found that Mr. Gonzalez’s allegations were true in that Ms. Ayala “has tried to alienate the minor child from” Mr. Gonzalez, and that she “is an obstructionist and has impeded” the attempts by Mr. Gonzalez to see Billy. The trial court also found that Ms. Ayala’s actions could form a basis for a change of custody, pending a determination of the best interests of the child, but decided not to transfer custody at that time, warning instead that “in the event the behavior of [Ms. Ayala] does not change radically, the Court could transfer custody” to Mr. Gonzalez. The court related in its order that Ms. Ayala “has little credibility with the Court,” and that her explanations were “patently ridiculous.” The trial court then found Ms. Ayala in contempt of court for failing to comply with the terms of the final judgment of dissolution and for obstructing visitation, and ordered her in explicit and detailed terms to comply with the orders of the court.
Less than two months later Ms. Ayala then filed a “Motion to Dismiss for Forum Non Conveniens,” attaching no affidavits or sworn statements. Neither Ms. Ayala, nor her attorney attended the hearing on the motion, and it was promptly denied. Undaunted, Ms. Ayala appealed the denial to this court. We affirmed the decision without opinion. See Ayala v. Gonzalez, 903 So.2d 947 (Fla. 5th DCA 2005).
After she received our per curiam affir-mance, Ms. Ayala then filed a Motion for Change of Venue for Inconvenient Forum in the trial court, again without supporting affidavits. At the hearing on this motion Ms. Ayala, her brother and her father testified. Oddly, both her father and brother are residents of Orlando, and they visited with Billy frequently when he came to see his father during the summer. They acknowledged that Mr. Gonzalez was very agreeable, and helped facilitate visitation with Billy. Ms. Ayala claimed that the expense and burden of traveling to Florida for hearings is “Hurculean [sic.] and serves no legitimate interest since all such hearings can be conducted by the Puerto Rican courts.” The trial court granted her motion. Mr. Gonzalez appeals.
Both a rule and a statute govern in tandem the subject of inconvenient forums. Florida Rule of Civil Procedure 1.061 sets forth the ground rules for dismissal for inconvenient forum:
(a) Grounds for Dismissal. — An action may be dismissed on the ground that a satisfactory remedy may be more conveniently sought in a jurisdiction other than Florida when:
(1) the trial court finds that an adequate alternate forum exists which possesses jurisdiction over the whole case, including all of the parties;
(2) the trial court finds that all relevant factors of private interest favor the *30 alternate forum, weighing in the balance a strong presumption against disturbing plaintiffs’ initial forum choice;
(3) if the balance of private interests is at or near equipoise, the court further finds that factors of public interest tip the balance in favor of trial in the alternate forum; and
(4) the trial judge ensures that plaintiffs can reinstate their suit in the alternate forum without undue inconvenience or prejudice.
The decision to grant or deny the motion for dismissal rests in the sound discretion of the trial court, subject to review for abuse of discretion.
Section 47.122, Florida Statutes (2005), also plays a part in the decision making process. That statute states in its entirety, “For the convenience of the parties or witnesses or in the interest of justice, any court of record may transfer any civil action to any other court of record in which it might have been brought.”
Forum non conveniens, by its very nature, of course, encompasses both the statute and the rule. See Thomas v. Thomas, 724 So.2d 1246 (Fla. 4th DCA 1999). Courts have, accordingly, followed the same general procedures in applying section 47.122 and Rule 1.061. See Botton v. Elbaz, 722 So.2d 974 (Fla. 4th DCA 1999).
This court has held that under section 47.122 a plaintiffs forum selection is presumptively correct, and the burden is on the opposing party to show either that undue expense or substantial inconvenience to the parties or witnesses requires a change. See Eggers v. Eggers, 776 So.2d 1096, 1098 (Fla. 5th DCA 2001); Vero v. Vero, 659 So.2d 1348 (Fla. 5th DCA 1995). We have also indicated that when a, forum non conveniens challenge is raised, the parties must submit affidavits or other evidence that will demonstrate the need for the change. See Eggers; Ground Improvement Techniques, Inc. v. Merchants Bonding Co., 707 So.2d 1138 (Fla. 5th DCA 1998).
In the present case, while neither party submitted affidavits, the trial court did take live testimony. The substantive testimony, however, when matched against the specific requirements of Rule 1.061, simply does not support a change of venue. This matter was commenced in Orange County, Florida, by Ms. Ayala in 1999, and has resided in that forum through its entire history. Ms. Ayala apparently ignores the language of subsection (g) of the rule that requires the motion to be made within sixty days of service of process on the moving party. That is to say, the appellee actually chose the forum, and then lingered for five years before deciding that the forum was not convenient. The testimony of the primary witnesses who Ms. Ayala asserts would be inconvenienced, her father and brother, indicates that they have not been unduly restricted from contact with Billy as a result of the use of the Florida forum. The courts of Puerto Rico have had very little contact with the parties, and virtually none with Mr. Gonzalez. Moreover, the matter pressed with some vigor by Ms. Ayala in support of her motion is that Billy has now lived in Puerto Rico for two and one-half years. The record reflects, however, that Billy has actually been in Florida for more than forty percent of that time. As Mr. Gonzalez accurately points out, it is fundamentally unfair to transfer the case on the ground that Billy is now older and has lived in Puerto Rico for some time when it was unquestionably the actions of Ms. Ayala that have halted any progress in this case.
It appears that in reality Ms. Ayala decided that the forum was inconvenient only after the trial court ruled that she was not credible, and that she was obstructing and disobeying the orders of the *31 court to which she had earlier agreed. Given the absence of any legal basis for a transfer of this action to Puerto Rico, and given the fact that the child’s father continues to reside in Florida, we conclude that the trial court abused its discretion in entering the Order On Former Wife’s Motion for Change of Venue for Inconvenient Forum.[1] Cf., Steckler v. Steckler, 921 So.2d 740 (Fla. 5th DCA 2006). We, therefore, reverse and remand for further action not inconsistent with this opinion.
REVERSED AND REMANDED.
TORPY and LAWSON, JJ., concur.

. In view of the position on the merits that we take with respect to this case we do not address the issue of whether our prior per as-riam affirmance precluded Ms. Ayala’s second motion seeking a transfer of this action to Puerto Rico.