984 So.2d 523 (2008)
Denise AYALA, Appellant,
v.
William A. GONZALEZ, Appellee.
No. 5D07-787.
District Court of Appeal of Florida, Fifth District.
January 25, 2008.
Clarifying Opinion Denying Rehearing May 2, 2008.
*524 Rudolph C. Campbell, Tampa, for Appellant.
Dorothy J. McMichen, of Dorothy J. McMichen, P.A., Orlando, for Appellee.
Prior report: 936 So.2d 27.
MONACO, J.
In this appeal the appellant, Denise Ayala, seeks review of an order that denied her relief on a pleading styled "Amended Complaint and Motion For Declaratory Relief Pursuant to Petition To Modify Mediation Agreement and To Determine Validity of Mediation Agreement." We might point out that this is the eleventh time this case involving the dissolution of the marriage between the parties has been before us. Ms. Ayala has filed ten of these appeals  all unsuccessful. More importantly, we have considered the identical substantive issues raised in this appeal on a prior occasion, and at that time affirmed the ruling of the trial court.
The trial judge in the current iteration of this case related in his order that two previous circuit court judges have considered and denied the appellant's demands for substantially the same relief she once again seeks regarding the same issue. The trial court understandably refused to consider her request yet again, and sua sponte dismissed the case as being previously adjudicated and thus, res judicata. More specifically, the trial judge, Judge Grincewicz, wrote:
The Court finds that this same motion has been filed twice previously, and denied by Judge Whitehead, and then Judge White WITH PREJUDICE. It was then appealed, and the 5th DCA Affirmed. The motion for Declaratory Judgment is denied a 3rd time with prejudice. If the motion is refiled the Court will entertain sanctions against the attorney, Rudolph Campbell.
After a careful review of the record[1] we affirm. Judge Grincewicz did exactly the right thing. Res judicata operates as an adjudication on the merits, barring a subsequent action on the same claim when the previous action was on the merits. This is precisely the situation before us now. See Houswerth v. Neimiec, 603 So.2d 88 (Fla. 5th DCA 1992). Every litigant is entitled to one bite at the apple. Two bites is unfair. Three bites is an abuse of the trial court, the opposing party and this court. Accordingly, we also grant the motion of the appellee, William A. Gonzalez, for appellate attorney's fees against the appellant, Denise Ayala, and her attorney, Rudolph C. Campbell, in accordance with section 57.105, Florida Statutes (2007). We remand this case to the Circuit Court for Orange County, Florida, pursuant to Fla. R.App. P. 9.400(b), to determine and assess reasonable attorney's fees for this appeal.
AFFIRMED and REMANDED with instructions to determine and assess reasonable appellate attorney's fees.
ORFINGER and TORPY, JJ., concur.

*525 CLARIFICATION OF OPINION AND DENIAL OF MOTION FOR REHEARING
MONACO, J.
On January 28, 2008, this court issued its opinion on this appeal. The appellant, Denise Ayala, through her counsel, Rudolph C. Campbell, has now filed a motion seeking rehearing, rehearing en banc and clarification of our opinion. We deny the motion for rehearing but grant the motion for clarification to make abundantly clear the basis for our earlier opinion. The motion for rehearing en banc is the subject of a separate order of this court.
In our earlier opinion we pointed out that Ms. Ayala, through her counsel, had filed ten prior unsuccessful appeals (now eleven) in this cause. The issue brought to us for consideration in connection with the current appeal has been denied with prejudice in two earlier proceedings in the trial court. As a result of one of those proceedings, an appeal was lodged with this court, and we affirmed. When the appellant, through her counsel, sought the identical relief in the trial court yet again, the result, not surprisingly, was another denial of relief with prejudice. Undeterred, the appellant sought relief in this court, and we once again affirmed the trial court and granted fees to the appellee for this utterly frivolous appeal.
Perhaps the egregiousness of the current proceeding should be spelled out more clearly.[1] This case grew out of a final judgment incorporating a mediation settlement agreement between the parties in February, 2003. The final judgment was not appealed and has never been vacated. Ms. Ayala first sought to have the agreement declared void in November, 2003, complete with what was to become a recurrent theme of "emergency" motions for relief. That case was eventually resolved against her with prejudice, and she appealed to this court. We affirmed the judgment per curiam.[2] She then unsuccessfully sought rehearing, rehearing en banc, and certification to the Florida Supreme Court.
Shortly after the affirmance of that judgment by this court in 2004, Ms. Ayala brought yet another case in the trial forum again seeking to have the mediation settlement agreement voided. The trial court again dismissed the case with prejudice on the basis of the doctrine of res judicata. Curiously, Ms. Ayala then sought mandamus relief from the appellate division of the circuit court. It is no surprise that this tactic failed, as well.
In 2005, she filed an "Amended Complaint and Motion for Declaratory Relief" in the circuit court once again seeking the identical avoidance of the mediated settlement agreement. This proceeding led to the order by Judge Grincewicz (the third circuit judge to enter a final order with respect to this particular matter), which was the subject of the present appeal. In that order Judge Grincewicz pointed out that this matter had, indeed, been dismissed with prejudice previously, and that the final judgment adopting the mediation agreement was valid and enforceable.
By our count Ms. Ayala, through her counsel, has through a variety of means tried at various judicial levels on nine different occasions to invalidate the mediation *526 settlement agreement. All have been unsuccessful. Amazingly, the appellant now seeks rehearing because appellant's counsel found it "incredulous" that we might disagree with him on this matter. The body of the motion describes in intimate detail how in his opinion we have made an absolute muddle of several foundation concepts in the law, and then proceeds to reargue the very same position that we rejected in this appeal, as well as in at least one of the 10 previous unsuccessful appeals arising out of this dissolution of marriage filed by the appellant.
We thought that it was made relatively clear by this court in Amador v. Walker, 862 So.2d 729 (Fla. 5th DCA 2003), that we do not view the privilege to seek a rehearing pursuant to rule 9.330, Florida Rules of Appellate Procedure, as an open invitation for an unhappy litigant or attorney to reargue the same points previously presented, or to discuss the bottomless depth of the displeasure that one might feel toward this judicial body as a result of having unsuccessfully sought appellate relief.
Accordingly, and in view of these violations of rule 9.330, and pursuant to rule 9.410, Florida Rules of Appellate Procedure, appellant's counsel, Rudolph C. Campbell, shall within 20 days from the date of this opinion, show cause in writing why monetary or other sanctions should not be imposed upon him for having filed a motion for rehearing and clarification in violation of the Florida Rules of Appellate Procedure.
The court reserves jurisdiction to impose such sanctions and to order further response, including the personal appearance of appellant's counsel, should the written response not be deemed sufficient.
MOTION FOR REHEARING DENIED; CLARIFICATION GRANTED; SHOW CAUSE ORDER ENTERED.
ORFINGER and TORPY, JJ., concur.
NOTES
[1] A trial court's ruling that relief is barred on the grounds of res judicata is reviewed de novo. See Felder v. State, Dep't of Mgmt. Servs., 32 Fla. L. Weekly D2801 (Fla. 1st DCA Nov. 26, 2007).
[1] For brevity's sake, we will omit the many other filings and appellate proceedings that grew out of this controversy, and focus instead only on the matters dealing with the judgment adopting the mediated settlement agreement.
[2] Case No. 5D04-3444. Ayala v. Gonzalez, 903 So.2d 947 (Fla. 5th DCA 2005).