42 So.3d 247 (2009)
UNIFIRST CORPORATION, Appellant,
v.
CITY OF JACKSONVILLE, Tax Collector's Office, a Florida municipal corporation, Appellee.
No. 1D09-0820.
District Court of Appeal of Florida, First District.
December 1, 2009.
Opinion Denying Rehearing, Rehearing En Banc or Clarification March 25, 2010.
Kevin S. Sanders, Jacksonville, for Appellant.
Richard A. Mullaney, General Counsel, and Carol Mirando, Assistant General Counsel, Jacksonville, for Appellee.
PER CURIAM.
AFFIRMED.
HAWKES, C.J., BENTON, and THOMAS, JJ., Concur.

ON MOTION FOR REHEARING OR CLARIFICATION AND REHEARING EN BANC
THOMAS, J.
This cause is before us on Appellant's motion for rehearing or clarification and rehearing en banc, which we deny. In responding to Appellant's motion, Appellee also filed a motion for attorney's fees and sanctions pursuant to section 57.105, Florida Statutes (2009). Section 57.105(4) provides that the party seeking sanctions must serve the opposing party with a copy of the motion, but may not file it with the court "unless, within 21 days after service of the motion, the challenged paper, claim, defense, contention, allegation, or denial is not withdrawn or appropriately corrected." Florida Rule of Appellate Procedure 9.330(a), however, allows a party only ten days to respond to motions for rehearing. Thus, as Appellee acknowledges, it was unable to comply with section 57.105(4) and also timely respond to Appellant's motion for rehearing. Although Appellee's motion for attorney's fees and sanctions was improperly filed, for the reasons explained below, this court, on its own initiative, awards Appellee attorney's fees. See § 57.105(1), Fla. Stat. (2009) (providing the court may award fees on its own initiative).
This court has held that section 57.105 can be the basis for an award of appellate attorney's fees. See Bridgestone/Firestone, Inc. v. Herron, 828 So.2d 414, 417-18 (Fla. 1st DCA 2002). Section 57.105(1) provides:
the court shall award a reasonable attorney's fee to be paid to the prevailing party in equal amounts by the losing party and the losing party's attorney on any claim ... at any time during a civil proceeding ... in which the court finds that the losing party or the losing party's attorney knew or should have known that a claim ... when initially presented to the court....
(b) Would not be supported by the application of then-existing law to those material facts.
This court issued a per curiam affirmance of the trial court's judgment below. Appellant filed a motion seeking rehearing or clarification and rehearing en banc. In it, Appellant addressed the merits of the lower court's final judgment allowing certain documents into evidence and the general sufficiency of the evidence. These arguments were raised in Appellant's Initial Brief and extensively addressed during *248 oral argument; rearguing these points was improper.
Florida Rule of Appellate Procedure 9.330(1) states that a motion for rehearing shall "state with particularity the points of law or fact in the court's decision that, in the opinion of the movant, the court has overlooked or misapprehended in its decision." This rule has been interpreted to mean that "[a] motion for rehearing shall not reargue the merits of the court's order." Jacobs v. Wainwright, 450 So.2d 200, 202 (Fla.1984).
Certainly it is not the function of a petition for rehearing to furnish a medium through which counsel may advise the court that they disagree with its conclusion, to reargue matters already discussed in briefs and oral argument and necessarily considered by the court, or to request the court to change its mind as to a matter which has already received the careful attention of the judges, or to further delay the termination of litigation.
State ex rel. Jaytex Realty Co. v. Green, 105 So.2d 817, 818-19 (Fla. 1st DCA 1958); see also Ayala v. Gonzalez, 984 So.2d 523, 526 (Fla. 5th DCA 2008) (reiterating the court's view that the privilege to seek a rehearing is not "an open invitation for an unhappy litigant or attorney to reargue the same points previously presented, or to discuss the bottomless depth of the displeasure that one might feel ... as a result of having unsuccessfully sought appellate relief.").
Appellant compounded its error by including in its motion new arguments related to an issue already addressed in its briefs and at oral argument. "[L]egal arguments... must be made between the parties before a judicial decision is rendered; not between one litigant and a tribunal which has already ruled." Dep't of Revenue v. Leadership Housing, Inc., 322 So.2d 7, 9 (Fla.1975); see also Cartee v. Fla. Dep't of Health & Rehab. Services, 354 So.2d 81, 83 (Fla. 1st DCA 1977) (holding court will not entertain argument or authorities relied on for the first time in motion for rehearing). To illustrate the egregiousness of Appellant's violation of this principle, Appellant dedicated less than one page of its Initial Brief to this issue, and cited no cases, either in its briefs or during oral argument; yet in its rehearing motion, Appellant devoted over five pages to the issue and, for the first time, cited and discussed several cases.
Both Florida Rule of Appellate Procedure 9.330 and the cases we have cited existed at the time Appellant filed its motion; thus, Appellant's attorney knew or should have known that the motion would not be supported by the application of the law to the material facts of this case. Consequently, a sanction of attorney's fees pursuant to section 57.105(1)(b) is warranted. See Ayala, 984 So.2d at 526 (holding that sanctions, including monetary sanctions, may be imposed for violation of rule 9.330). This is particularly so considering that, during oral argument, a member of the panel asked Appellee's attorney whether Appellee requested fees from the trial court based on section 57.105. Rather than heed this warning sign, Appellant filed a motion for rehearing that clearly violates Florida Rule of Appellate Procedure 9.330.
In its motion for rehearing, Appellant also requested a written opinion, arguing that this court's per curiam affirmance conflicts with an opinion issued by the Third District Court of Appeal and that clarification "would provide a legitimate basis for Supreme Court review." It is meritless to argue that an opinion which says nothing more than "Affirmed" conflicts with a written opinion issued by another district court.
*249 Based on the foregoing, an award of appellate attorney's fees with respect to Appellant's motion for rehearing or clarification and rehearing en banc is appropriate under section 57.105, Florida Statutes. Appellant knew or should have known that the motion lacks legal merit and violates the legal principles and rules of appellate procedure.
For the foregoing reasons, attorney's fees pursuant to section 57.105, Florida Statutes (2009), are hereby imposed in equal amounts against Appellant's attorney and Appellant. This cause is remanded to the trial court to determine a reasonable amount of such fees.
REMANDED for proceedings consistent with this opinion.
HAWKES, C.J., concurs.
BENTON, J., dissents without opinion.