WINOKUR, J.,
concurring in part and dissenting in part.
I concur in the denial of motions for rehearing, certification of conflict, and rehearing en banc. I have no objection to the substance of the substituted opinion because it properly addresses why the trial court’s denial of Heady’s mistrial motion should be affirmed. However, I cannot join the substituted opinion because I would deny Heady’s motion for written opinion as improper.
“When a decision is entered without opinion, and a party believes that a written opinion would provide a legitimate basis *167 for supreme court review, the party may request that the court issue a written opinion.” Fla. R. App. P. 9.330(a). The purpose of a motion for written opinion is to provide a basis for supreme court review, not to require the Court to explain itself.
Heady’s motion for written opinion argues that “[t]he decision of this Court to affirm the denial of the motion is contrary to the mistrial standard set by the Florida Supreme Court in Ibar v. State, 938 So.2d 451, 470-471 (Fla. 2006) and Banks v. State, 46 So.3d 989, 997 (Fla. 2010).” In Ibar, the defendant moved for mistrial because a detective testified that the first lead in solving the case came from a police homicide unit, from which the jury could have inferred that Ibar was being held on another homicide. Ibar, 938 So.2d at 470. The supreme court, in reviewing the trial court’s denial of Ibar’s motion, cited well-established law on the standards for review of mistrial motions, and concluded that the trial judge did not abuse his discretion because Ibar never asked for a curative instruction. Id. Banks involved a mistrial motion following a witness implicating the defendant in an uncharged crime. Banks, 46 So.3d at 997. Citing the same general standards for review of mistrial orders as it did in Ibar, the supreme court ruled that the trial court did not abuse its discretion in denying the mistrial motion. Id. at 998.
Ibar and Banks merely applied familiar standards for review of mistrial motions; they did not establish any particular rules that the decision in this case may have violated. Other than involving review of a motion for mistrial, the issue in this case is unrelated to the issues in Ibar or Banks. Heady cited neither case in his briefs. Nor did Heady argue that the trial court violated some specific standard or requirement set forth in specific cases; he merely argued that the trial court erred in denying the mistrial motion. Under these circumstances, the contention that our unelabo-rated affirmance here is so contrary to Ibar and Banks that supreme court review is warranted is simply unreasonable.*
The appellant in Unifirst Corp. v. City of Jacksonville, 42 So.3d 247, 248 (Fla. 1st DCA 2009), made a similar argument in moving for written opinion, arguing that this Court’s per curiam affirmance conflicted with an opinion issued by another district court of appeal and that clarification “would provide a legitimate basis for Supreme Court review.” Id. This Court held that “[i]t is meritless to argue that an opinion which says nothing more than ‘Affirmed’ conflicts with a written opinion issued by another district court.” Id.
The same is true here. The per curiam opinion was not “contrary to” Ibar or Banks, and a written opinion would not (and does not) demonstrate an express and direct conflict with Ibar or Banks. Again, while I do not dispute anything in the substituted opinion, I cannot join it because Heady has misused the motion for written opinion.

 This point is proven by the substituted opinion itself. The substituted opinion applies the same well-known mistrial standards as cited in Ibar and Banks. No reasonable reading of the substituted opinion could conclude that it expressly and directly conflicts with Ibar and Banks to the extent that the supreme court review on that ground is justified. See Fla. R. App. P. 9.030(a)(2)(A)(iv).